## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| HARGOPAL S. SACHDEV,<br><br>                    Plaintiff,<br><br>      vs.<br><br>AMARJIT S. SACHDEV, PICHET<br>SACHDEJ, PAUL'S (GUAM), INC., and<br>JPR, INC.,<br><br>             Defendants. | CIVIL CASE NO. CV0626-11<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 1, 2019, for an Evidentiary Hearing upon Plaintiff Hargopal S. Sachdev's Order to Show Cause filed first on May 23, 2018, and again on July 31, 2018. Attorney Daniel J. Berman represents Plaintiff Hargopal S. Sachdev ("Plaintiff"). Defendants Amarjit S. Sachdev, Pichet Sachdej, Paul's (Guam), Inc., and JPR, Inc. (collectively, "Defendants") were represented by Attorneys Cesar Cabot and Jon R. Ramos. For the reasons set forth below, having reviewed the pleadings and oral arguments in this matter, the Court issues the following Decision and Order.

### BACKGROUND

The instant case arises from a dispute between three brothers and two corporate defendants. Both the procedural history and facts of this case have been thoroughly outlined in the various pleadings and orders in the record. Thus, the following facts are only those pertinent

to the Plaintiff's Order to Show Cause, the remaining issue regarding property credit, and the facts established at the July 1, 2019, evidentiary hearing.

On June 21, 2017, the Court executed a Final Judgment ("Judgment") confirming the arbitration awards in this matter. On December 4, 2017, the Plaintiff filed a Request for Order to Show Cause and Order to Show Cause alleging that the Defendants failed to "make a contribution of $100,000.00 to a licensed tax-exempt charity in the name of Teja Singh Sachdev, and shall provide proof of such contribution to Plaintiff" pursuant to the Judgment. The Plaintiff argued that instead of a monetary contribution of $100,000.00 to a charity, the Defendants delivered various school uniforms to private schools in the name of Teja Singh Sachdev purportedly valued at that amount. The Defendants, on the other hand, maintained that they had fully complied with the Judgment, arguing that the Judgment did not specify that the required charitable contribution must be a cash contribution.

On February 9, 2018, the Referee issued a Decision and Recommendation on Plaintiff's Request for Order to Show Cause, finding the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Thereafter, having yet to satisfy the Judgment, the Plaintiff filed another Request for Order to Show Cause why an Order should not be made finding the Defendants to be in contempt of Court for willfully failing to contribute $100,000.00 in cash to a tax-exempt charity. Consequently, the Court ordered the Defendants to appear to show cause why they should not be held in contempt for failing to comply with the terms of the Judgment and the Referee's Decision. A hearing was held on the Plaintiff's Order to Show Cause on September 27, 2018.

On February 1, 2019, the Court issued its Decision and Order affirming the Referee's Decision and Recommendation on Plaintiff's first Request for Order to Show Cause. Thus, adopting the finding and conclusions contained therein, the Court found the Defendants in contempt for willfully failing to comply with the terms of the Judgment. Further, the Court adopted the Referee's recommendation and scheduled further proceedings to determine whether and to what extent the Defendants should be given credit for the school uniforms donated to St.

John's School and St. Paul Christian School. The Evidentiary Hearing in this matter was held on July 1, 2019. At the conclusion of the hearing, the Court took the matter under advisement.

Here, the parties have submitted testimonial evidence, as well as submitted various affidavits and declarations in support of their arguments. Having considered the evidence presented, the Court makes the following findings:

1. Pursuant to the 2012 Arbitration Agreement and Judgment entered on June 28, 2017, the Defendants were ordered to make a ***cash contribution*** of One Hundred Thousand Dollars ($100,000.00) to a licensed tax exempt charity in the name of Teja Singh Sachdev, and to provide proof of such contribution to the Plaintiff. *See* Judgment at ¶ 3, p. 2 (Jun. 28, 2017); *see also* Decision and Order (Feb. 1, 2019) (affirming the Referee's Decision and Recommendation on Plaintiff's Request for Order to Show Cause finding the Defendants in contempt for willfully failing to comply with the terms of the Judgment); *see also* Decision and Recommendation (Feb. 9, 2018) (finding that the Judgment required the Defendants to make a cash contribution).

2. In or around July 2017, the Defendants donated approximately 7,124 articles of school uniforms to St. John's School in the name of Teja Singh Sachdev, purportedly valued over $100,000.00, in satisfaction of the Final Judgment. *See* Def's Ex. 3 (Jun. 17, 2019); *see also* Plaintiff's Decl., Ex. 2 (Dec. 4, 2017); *see also* Amarjit Decl., Ex. E (Jun. 14, 2018); *see also* Amarjit Decl., Ex. B (Dec. 18, 2017). St. John's School has placed these uniforms for sale within its school community and independently assigned retail prices for the donated school uniforms. *See* Amarjit Decl., Ex. C (Dec. 18, 2017)

3. In or around September 2017, the Defendants also donated approximately 2,055 articles of school uniforms to St. Paul Christian School in the name of Teja Singh Sachdev, purportedly valued around $32,000.00, in satisfaction of the Final Judgment. *See* Def's Ex. 6 (Jun. 17, 2019); *see also* Amarjit Decl., Ex. G (Jun. 14, 2018).

4. An itemized listing of the St. John's School uniform articles donated by the Defendants stating the market value and quantity of the items that St. John's School received are as follows:

| STYLE | MARKET VALUE PRICE | QUANTITY DELIVERED | TOTAL MARKET VALUE |
|---|---|---|---|
| St. John Polo Shirts (all sizes/levels) | $21.95 | 4,024 | $88,326.80 |
| St. John Sailor Blouse w/ logo | $24.00 | 491 | $11,784.00 |
| Oxford Shirt w/ logo | $24.00 | 332 | $7,968.00 |
| P.E. Shirt Lower School (light blue) | $12.50 | 775 | $9,687.50 |
| P.E. Shirt Upper School (gray) | $12.50 | 843 | $10,537.50 |
| P.E. Short Lower school (dark blue) | $12.50 | 472 | $5,900.00 |
| P.E. Short Upper School (red) | $12.50 | 187 | $2,337.50 |
| TOTAL: | | 7,124 | $136,541.30 |

*See* Def's Ex. 3 (Jun. 17, 2019); *see also* Amarjit Decl., Ex. B (Dec. 18, 2017); *see also* Amarjit Decl., Ex. I (Jun. 14, 2018).

5. An itemized listing of the St. Paul Christian School uniform articles donated by the Defendants stating the market value and quantity of the items that St. Paul Christian School received are as follows:

| STYLE | MARKET VALUE PRICE | QUANTITY DELIVERED | TOTAL MARKET VALUE |
|---|---|---|---|
| Kids Light Blue Polo (all sizes) | $20.00 | 547 | $10,940.00 |
| Adults Light Blue Polo (all sizes) | $20.00 | 450 | $9,000.00 |
| Kids PE Shirt (all sizes) | $12.00 | 505 | $6,060.00 |
| Adults PE Shirt (all sizes) | $12.00 | 553 | $6,636.00 |
| TOTAL: | | 2,055 | $32,636.00 |

*See* Def's Ex. 6 (Jun. 17, 2019); *see also* Evidentiary Hr'g Tr. 2:41:20 PM to 2:45:18 PM, Jul. 1, 2019.

6. At the Evidentiary Hearing on July 1, 2019, the Defendant Amarjit S. Sachdev testified that the direct costs of producing the uniform articles that were contributed to St. John's School, or cost of goods sold (COGS) totaled approximately **$62,000.00**. *See* Evidentiary Hr'g Tr. 3:17:47 PM, Jul. 1, 2019.

7. At the Evidentiary Hearing on July 1, 2019, the Defendant Amarjit S. Sachdev also testified that the direct costs of producing the uniform articles that were contributed to St. Paul Christian School, or cost of goods sold (COGS) totaled approximately **$22,000.00**. *See* Evidentiary Hr'g Tr. 3:21:09 PM, Jul. 1, 2019.

8. The retail prices that St. John's School has marked for the sale of uniform articles received by the Defendants are as follows:

   a. St. John's Polo Shirt Red (all sizes)...........................**$21.00**

   b. St. John's Polo Shirt White (all sizes).........................**$17.00**

    c. St. John's Sailor Blouse w/ Logo................................**$15.00**

    d. St. John's Oxford Shirt w/ Logo................................**$15.00**

    e. St. John's PE Shirts/Shorts (all sizes)...........................**$12.00**

*See* Def's Ex. 2 (June 17, 2019); *see also* Amarjit Decl., Ex. C (Dec. 18, 2017).

9. The retail prices that St. Paul Christian School has marked for the sale of uniform articles received by the Defendants are as follows:

    a. Kids Light Blue Polo (all sizes)................................**$20.00**

    b. Adult Light Blue Polo (all sizes)        **$20.00**

    c. Kids PE Shirts (all sizes).......................................**$12.00**

    d. Adult PE Shirts (all sizes)......................................**$13.00**

*See* Def's Ex. 6 (June 17, 2019); see also Evidentiary Hr'g Tr. 2:38:59, Jul.1, 2019.

10. As of March 31, 2019, the monetary value St. John's School received from the actual sales of the Defendants' contribution of school uniforms was approximately $36,168.00. *See* Def's Ex. 4 (Jun. 17, 2019); *see also* Decl. of Counsel, Ex. A (Apr. 15, 2019). As of June 30, 2019, the monetary value St. John's School received from actual sales of the Defendants' contribution of school uniforms increased to approximately **$39,012.00**. *See* Evidentiary Hr'g Tr. 2:12:56 PM – 2:21:44 PM, Jul. 1, 2019.

11. The monetary value St. Paul Christian School received for the school year 2017-2019 from the actual sales of Defendants' contribution of school uniforms was approximately **$24,447.00**. *See* Def's Ex. 6 (Jun. 17, 2019); *see also* Decl. of Counsel, Ex. B (Apr. 15, 2019); *see also* Evidentiary Hr'g Tr. 2:41:14 PM, Jul. 1, 2019.

12. On September 28, 2018, St. John's School revealed a stainless-steel plaque commemorating Teja Singh Sachdev on the St. John's School Giving Wall in exchange for the Defendants' contribution of school uniforms. *See* Notice of Filing, Ex. A, B (Oct. 8, 2018). The plaque is approximately 15" x 2 ½" x 1/8" in size. *See* Evidentiary Hr'g Tr. 2:32:37 PM, July 1, 2019.

//

//

## DISCUSSION

Preponderance of the evidence is the burden of proof in a civil trial. *See Ukau v. Wang*, 2016 Guam 26 ¶ 50. Preponderance of evidence means evidence which as a whole shows that the fact sought to be proved is more probable than not. *See* 19 G.C.A. § 13101(ee); *see also Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 39 ("Preponderance of the evidence means that evidence has more convincing force than that opposed to it . . . .").

The Defendants advanced three arguments. In determining how much to credit the Defendants for the uniform articles donated to both St. John's School and St. Paul Christian School, the Defendants ask the Court to consider three categories: 1) fair market value, 2) sales revenue, and 3) cost of goods sold. "Fair market value" is defined as "[t]he price that a seller is willing to accept and a buyer is willing to pay on the open market." Black's Law Dictionary (11th ed. 2019); *see also People v. McKinney*, 2016 Guam 3 ¶ 26 fn. 1 (Fair market value has been defined as the "highest price obtainable from a willing buyer and a by a willing seller, neither of whom was forced to act.") (*citing People v. Pena*, 135 Cal. Rptr. 602, 604 (Ct. App. 1977)). Sales revenue or "revenue" is defined as "income from any and all sources."[1] Black's Law Dictionary (15c) (11th ed. 2019); *see also "gross sales*," Black's Law Dictionary (16c) ("[t]otal sales before deductions for returns and allowances . . . ."); *Cf. "gross profit*," Black's Law Dictionary (18c) ([t]otal sales revenue less the cost of the goods sold . . . ."). Finally, "cost of goods sold" is commonly referred to the purchase price only, or "it may include such items as labor, materials, supplies and indirect expenses incident to the production of goods, including freight charges and other costs . . . ." West's Tax Law Dictionary § C4270. The Plaintiff, on the other hand, opposes the Court awarding the Defendants any type of credit, arguing that the "in kind" contribution is disingenuous and should not be considered toward the Defendants' charitable obligation under the Judgment.

---

[1] The Defendants use the term "realized value" interchangeably with "sales revenue." Realized value or "amount realized" is defined as "[t]he amount received by a taxpayer for the sale or exchange of an asset, such as a cash, property, services received, or debts assumed by a buyer." Black's Law Dictionary (18c) (11th ed. 2019).

Here, the Court, affirming the Referee's Decision and Recommendation, found that the Judgment required the Defendants to make a ***cash contribution*** of $100,000.00 to a tax-exempt charity in the name of Teja Singh Sachdev, and to provide proof of such payment to the Plaintiff. Further, the Court found that Defendants' interpretation of the Final Judgment, to wit: that another form of charitable contribution could be made so long as it had a value of $100,000.00, was not in good faith because it was inconsistent with the arbitration awards upon which the Judgment was issued. Thus, the Court found that the Defendants failed to satisfy the Judgment because an "in-kind" donation was made instead of a cash donation as previously determined and ordered by the Court.

Although the Court has made this technical finding, the Court, in the spirit of the Judgment, will credit the Defendants for the school uniforms donated to both St. John's School and St. Paul Christian School. Having reviewed the evidence and testimonies of the parties and their witnesses, the Court finds, by a preponderance of the evidence, that it is equitable and just to credit the Defendants the "costs of goods sold" of the school uniforms donated to both schools – that is, Sixty-Two Thousand Dollars ($62,000.00) for the uniform articles donated to St. John's School, and Twenty-Two Thousand Dollars ($22,000.00) for the uniform articles donated to St. Paul's Christian School. Thus, the Court will credit the Defendants ***Eighty-Four Thousand Dollars ($84,000.00)*** toward their satisfaction of the Judgment, and further **ORDERS** the Defendants to pay the remaining amount due in **CASH** to a tax-exempt charity in the name of Teja Singh Sachdev, and to provide proof of such payment to the Plaintiff. Continued failure by the Defendants to satisfy the Judgment and comply with the Court's Order may result in further contempt of court.

## CONCLUSION

Based on the foregoing, the Court finds that it is equitable and just to credit the Defendants the "costs of goods sold" of the school uniforms donated to both schools. Thus, the Court will credit the Defendants ***Eighty-Four Thousand Dollars ($84,000.00)*** toward their satisfaction of the Judgment, and further **ORDERS** the Defendants to pay the remaining amount

due in **CASH**. Continued failure by the Defendants to satisfy the Judgment and comply with the Court's Order may result in further contempt of court.

**IT IS SO ORDERED** ___JUL 2 2 2020___ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**